**BLUE CROSS BLUE SHIELD OF TEXAS, INC., Plaintiff,**

v.

**OFFICE OF CIVILIAN HEALTH AND MEDICAL PROGRAM OF the UNIFORMED SERVICES ("OCHAMPUS"), and John E. Montgomery, Director of Ochampus, in his official capacity, Defendants.**

**Civ. A. No. 3–95–CV–0983–P.**

United States District Court, N.D. Texas, Dallas Division.

Aug. 3, 1995.

Charles C. Frederiksen, Tracy N. Turner, David A. Stephan, Bruce L. Dean, McKenna & Cuneo, Dallas, TX, for plaintiff.

Stafford Hutchinson, Asst. U.S. Atty., Dallas, TX, for defendants.

**ORDER**

SOLIS, District Judge.

Presently before the Court are Plaintiff's Motion For Expedited Consideration Of Plaintiff's Motion For New Trial And Accelerated Response Of The Defendants filed on

June 19, 1995, Plaintiff's Motion For New Trial filed on June 19, 1995, Defendants' Response filed on June 30, 1995, Foundation Health Federal Services, Inc.'s ("Foundation's") Motion To Intervene filed on July 5, 1995, Plaintiff's Response Opposing Foundation's Motion filed on July 14, 1995, and Plaintiff's Reply filed on July 14, 1995. Because Defendants' Response to Plaintiff's Motion For New Trial and Plaintiff's Reply To Defendants' Response have been filed on a timely basis, the Court will not address Plaintiff's Motion For Expedited Consideration Of Plaintiff's Motion For New Trial And Accelerated Response Of The Defendants because it is moot. Rather, this Order will focus on Plaintiff's Motion For New Trial.

## BACKGROUND

OCHAMPUS is the United States agency ("Agency") designated by the Department of Defense to administer a civilian health and medical care program for retirees and the spouses and dependent children of active duty, retired and deceased service members. Blue Cross is the unsuccessful bidder on a government contract to provide health care services for OCHAMPUS in Region 6 serving the States of Texas, Oklahoma, Louisiana, and Arkansas. The contract was awarded to Foundation Health Federal Services, Inc. ("Foundation").

An unsuccessful bidder is entitled to protest these types of governmental contract awards to the General Accounting Office ("GAO") pursuant to the Competition in Contracting Act of 1984 ("CICA"), 31 U.S.C. § 3551 *et seq.* CICA provides that a protest of an award automatically stays the award while the protest is pending. 31 U.S.C. § 3553(d)(3)(A). However, CICA also provides that the head of the procuring activity may authorize the performance of the contract notwithstanding a protest if certain requirements are met. 31 U.S.C. § 3553(d)(3)(C). In this case, the Director of OCHAMPUS ("Director") authorized Foundation's performance of the contract notwithstanding Blue Cross's protest.

Blue Cross is not raising the merits of its bid protest in this action. Rather, Blue Cross is requesting that the Court stay the performance of the contract until the GAO resolves the protest.

## DISCUSSION

On June 8, 1995, the Court entered an Order denying Blue Cross's Application For Temporary Restraining Order and Preliminary Injunction because Plaintiff had failed to meet its burden of proof in order to obtain injunctive relief. Plaintiff now moves for a new trial on the basis that the Court's Order dismissed Blue Cross's declaratory judgment claim on the merits without notice that the Court had decided to consolidate the merits of the case with the preliminary injunction hearing and without notice to the parties that the Court would adjudicate Blue Cross's request for preliminary injunction without a hearing as contemplated by Fed.R.Civ.P. 65(b). Moreover, Plaintiff asserts that the Court's ruling has denied it the opportunity to develop controverting evidence through discovery, or to gather evidence that the Director's decision to authorize contract performance by Foundation was arbitrary and capricious. Furthermore, Plaintiff misinterprets the Court's Order in arguing that the Court required Blue Cross to prove success on the merits rather than the likelihood of success on the merits as the proper standard in determining whether injunctive relief should be granted in this case.

After considering Plaintiff's arguments, the Court is of the opinion that its Motion For New Trial is without merit. Initially, the parties kept in close contact via the telephone with the Court during the pendency of Plaintiff's Application. The Court notified the parties that the Court would review the papers filed regarding Plaintiff's Application, and would either rule on the written papers, or if necessary, set a hearing. Plaintiff was fully aware of this fact. The Court decided that no hearing was necessary because Plaintiff failed to meet its burden of proof relating to several different factors.

During the pendency of Plaintiff's Application, both parties were afforded the opportunity to provide the Court with affidavits in support of their respective motions and responses. Based on all the evidence presented, the Court determined the following:

1) Plaintiff failed to show that the Director's finding on the issue of the inadequacy of the current system was made with a clear error of judgment. *Motor Vehicle Mfrs. Assn. v. State Farm Mutual,* 463 U.S. 29, 43, 103 S.Ct. 2856, 2866–67, 77 L.Ed.2d 443 (1983).

Order, pp. 7, 10.

2) Plaintiff failed to support its contention that the Director's explanation for his decision ran counter to the evidence before the agency. *Id.*

Order, pp. 7, 10.

3) Plaintiff failed to show that the Director's decision to override the stay in Region 6 was arbitrary or capricious because different circumstances existed with Region 6 as compared to Regions 9, 10, and 12.

Order, pp. 9–10.

4) Plaintiff failed to show a **likelihood** of success on the merits required for the granting of injunctive relief. *Allied Marketing Group, Inc. v. CDL Marketing, Inc.,* 878 F.2d 806 (5th Cir.1989).

Order, p. 9.

5) Plaintiff failed to show that a substantial threat that failure to grant the injunction will result in irreparable injury. *Id.*

Order, pp. 9–10.

Plaintiff has not presented any additional evidence in its Motion For New Trial to show that it in fact has met its burden of proof with respect to any of the above listed standards. In addition, notice of a denial of a preliminary injunction does not require that a hearing be held. *Commerce Park At DFW Freeport v. Mardian Const. Co.,* 729 F.2d 334, 341 (5th Cir.1984); Fed.R.Civ.P. 43(e). Furthermore, the preponderant weight of judicial precedent does not entitle Plaintiff to the discovery process in an APA review proceeding. *Bank of Commerce of Laredo v. City National Bank of Laredo,* 484 F.2d 284, 287 (5th Cir.1973). Plaintiff has not supplied any authority to show that it was entitled to a hearing regarding its Application for injunctive relief, nor has it shown that it was entitled to a more extensive discovery process in support of its claim. Rather, the Court was able to adequately deny Plaintiff's Application based on the record before the Court without the need for a hearing because Plaintiff failed to meet any of the above listed standards. Plaintiff has failed to show that the Court's decision was improper.

Therefore, Plaintiff's Motion For New Trial is denied. Accordingly, Foundation's Motion To Intervene is denied as moot.

It is hereby **Ordered** that Plaintiff's Motion For New Trial is **denied.**

It is further **Ordered** that Foundation's Motion To Intervene is **denied** as moot.

SO ORDERED.